IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IMAN SHARIF, :
: CIVIL ACTION
      Plaintiff, : NO. 09-2501
:
v. :
:
NATHAN PICONE, et al. :
:
      Defendants. : JURY TRIAL DEMANDED

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS NATHAN PICONE, BRIAN POTANCE AND THOMAS PINTO
TO PLAINTIFF'S COMPLAINT FILED UNDER 42 U.S.C. § 1983**

Defendants Nathan Picone, Brian Potance and Thomas Pinto (collectively hereinafter, "Defendants") hereby answer what Defendants interpret as Plaintiff Iman Sharif's Complaint, which has been attached hereto as Exhibit A, as follows, denying each and every averment set forth therein except as expressly admitted below:

**II.    PARTIES**

    A.    Admitted. On information and belief, it is admitted that Plaintiff Iman Sharif currently is residing at the Lehigh County Prison located at 38 North Fourth Street, Allentown, PA and on information and belief, has a prison identification number of 147037, and that at the time of the alleged incident complained of, Plaintiff was residing at 666 Walnut Street, which is the Northampton County Prison.

    B.    Admitted in part. Denied in part. It is admitted that Defendants Nathan Picone, Brian Potance and Thomas Pinto are employed as corrections officers at the Northampton County Prison. It is denied that their "unit" is "RHU" as stated in the Complaint.

**III.    PREVIOUS LAWSUITS**

A.    Admitted in part. It is admitted that according to the court docket, Plaintiff has filed a previous lawsuit, docketed at 08-2146. However, according to the court docket, Defendants do not believe that Complaint has ever been served.

**IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

A.    Admitted in part. It is admitted that a formal grievance procedure was available to Plaintiff in the Northampton County Prison.

B.    Denied. It is denied that Plaintiff made a formal grievance on April 1, 2009 or that he wrote the warden or "internal affairs" prior to that time. To the contrary, Plaintiff filed a formal grievance via a letter dated May 5, 2009 to Warden Todd L. Buskirk of Northampton County Prison. This letter was written only after Investigator Christopher G. Naugle of the Northampton County Department of Correction Office of Professional Responsibility conducted an investigation of the incident that occurred on March 11, 2009. After his review of Plaintiff's grievance, Warden Buskirk denied Plaintiff's grievance on May 8, 2009.

**V.    STATEMENT OF CLAIM**

1.    Denied. It is specifically denied that Officer Picone entered Plaintiff's cell cursing and throwing punches. It is also denied that Officers Pinto and Potance entered the cell and grabbed Plaintiff into a choke hold, and rendered him unconscious, and that any Defendants stomped on the back of Plaintiff. To the contrary, in the normal course of his duties, Officer Picone entered Plaintiff's cell to retrieve a food tray on which Plaintiff had been given a meal. Plaintiff then struck Officer Picone without provocation or justification. Officers Pinto and Potance entered the cell to aid Officer Picone in the assault by Plaintiff, and used reasonable force to do so.

2

VI. **RELIEF**

1. On information and belief, Defendants are without sufficient knowledge to form a response thereto. Accordingly, it is denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorneys fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims. Defendants have not yet obtained adequate discovery from Plaintiff in connection with this action, and therefore, Defendants reserve the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of Defendants violated any of Plaintiff's constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### FOURTH AFFIRMATIVE DEFENSE

At no time material hereto did Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any acts or omissions by Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiff was a direct and proximate result of Plaintiff's and/or a third-party's conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

### NINTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

### TENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances, and Defendants at all times material hereto acted based upon a reasonable good-faith belief that Plaintiffs were involved in wrongful activity and intended to cause them serious bodily harm.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times material hereto, Defendants used only that amount of force that was reasonable and necessary under the circumstances, and such force was justified under applicable state and federal law.

### TWELTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

### THIRTEENTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

### FOURTEENTH AFFIRMATIVE DEFENSE

At no time material hereto were Defendants deliberately indifferent to the safety or constitutional rights of Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from all or part of the claims set forth in Plaintiff's Complaint.

LAW OFFICES OF LAMB McERLANE PC  •  24 EAST MARKET STREET  •  BOX 565  •  WEST CHESTER, PA. 19381-0565

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).

### SEVENTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Defendants adopt, permit or follow, either formally or informally, a policy, custom or practice of violating a person's Eighth Amendment rights or which in any other way tolerated or permitted the violation of the civil rights of any individual, including Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Defendants act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for Plaintiff's health, safety and welfare.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants' actions and determinations were related to a valid and legitimate penological interest.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust available administrative remedies.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Political Subdivision Tort Claims Act 42 Pa. C.S.A. § 8501 et seq.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert all or some of their claims and/or to obtain all or some of the relief requested from the Court.

LAW OFFICES OF LAMB McERLANE PC • 24 EAST MARKET STREET • BOX 565 • WEST CHESTER, PA. 19381-0565

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorneys fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

Dated:  October 6, 2009                                        /s/ David J. MacMain
                                                             David J. MacMain, Esquire (PA I.D. No. 59320)
                                                             Daniel R. Bush, Esquire (PA I.D. No. 78147)
                                                             LAMB MCERLANE PC
                                                             24 East Market Street, Box 565
                                                             West Chester, PA 19381-0565
                                                             (610) 430-8000

                                                             *Attorneys for Defendants*
                                                             *Nathan Picone, Brian Potance and*
                                                             *Thomas Pinto*

## CERTIFICATE OF SERVICE

I, David J. MacMain, hereby certify that on this 6th day of October, 2009, I caused the foregoing Answer and Affirmative Defenses of Defendants Nathan Picone, Brian Potance and Thomas Pinto to Plaintiff's Complaint Filed Under 42 U.S.C. §1983 to be served upon the following via first-class mail, postage prepaid:

> Iman Sharif
> Lehigh County Prison
> 38 North Fourth St
> Allentown, PA 18102

In addition, the foregoing was filed through and intended to be available for viewing and downloading from the ECF system of the United States District Court for the Eastern District of Pennsylvania.

> /s/ David J. MacMain
> David J. MacMain