IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IMAN SHARIF, <br><br> Plaintiff, <br> v. <br><br> C.O. NATHAN PICONE, <br> C.O. BRIAN POTANCE, <br> C.O. THOMAS PINTO, <br> LIEUTENANT JOSEPH KOSPIAH <br> JOHN DOE C.O. NOs. 1-10 <br><br> Defendants. | CIVIL ACTION <br><br> 09-cv-2501 <br><br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF IMAN SHARIF'S MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 15</u>**

Plaintiff Iman Sharif hereby respectfully requests the Court's leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15 to describe more fully the events that occurred on March 11, 2009 and gave rise to this action. As explained more fully in the attached Memorandum of Law in Support, which is incorporated by reference, Mr. Sharif's Second Amended Complaint satisfies the criteria of Federal Rule of Civil Procedure 15 and will not prejudice Defendants or delay these proceedings. Mr. Sharif's proposed Second Amended Complaint is attached hereto as Exhibit A.

Respectfully submitted,

<u>/s/   Shevon D. Rockett</u>
Donald C. LeGower
Justin C. Danilewitz
Shevon D. Rockett
Francis J. Dermody

1

                                              Dechert LLP
                                              Cira Centre
                                              2929 Arch St.
                                              Philadelphia, PA 19104
                                              (215) 994-4000

Dated: March 15, 2012                *Attorneys for Plaintiff Iman Sharif*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IMAN SHARIF, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| v. ) | |
| ) | 09-cv-2501 |
| C.O. NATHAN PICONE, ) | |
| C.O. BRIAN POTANCE, ) | |
| C.O. THOMAS PINTO, ) | |
| LIEUTENANT JOSEPH KOSPIAH ) | |
| JOHN DOE C.O. NOs. 1-10 ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

**PLAINTIFF IMAN SHARIF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15**

**INTRODUCTION**

This is a civil action pursuant to 42 U.S.C. § 1983 brought by Plaintiff Iman Sharif against Defendant Correctional Officers ("C.O.") Nathan Picone ("Picone"), Brian Potance ("Potance"), Thomas Pinto ("Pinto"), Lieutenant Joseph Kospiah ("Kospiah"), and John Doe C.O.s Nos. 1-10. The events that give rise to this action occurred on March 11, 2009, at Northampton County Prison after Defendants unconstitutionally attacked and restrained Mr. Sharif, causing him physical and emotional injuries. Those Defendants who were not actively attacking and/or restraining Mr. Sharif did nothing to prevent the harm caused by the attack, or the restraints. Mr. Sharif seeks leave to file a Second Amended Complaint to provide further detail regarding these events of March 11, 2009.

1

Mr. Sharif respectfully requests that the Court grant his Motion for Leave to File a Second Amended Complaint, despite the passing of the statute of limitations, for three reasons. First, Mr. Sharif is not amending the complaint to add additional counts, causes of action, or parties. Rather, Mr. Sharif is simply clarifying the events described in the Original and First Amended Complaints, by providing further details regarding the attack he endured on March 11, 2009. Second, Mr. Sharif satisfies the "relation back" requirements under Rule 15 for filing an amended pleading, because the facts asserted in the Second Amended Complaint arise from the same conduct, transaction or occurrence as the claims in the Original and Amended Complaint. Finally, granting this Motion will not prejudice Defendants or delay these proceedings, as the details provided in the Second Amended Complaint were disclosed by Mr. Sharif during his deposition by Defendants' counsel. For all of these reasons, as set forth more fully below, Mr. Sharif respectfully requests that the Court grant his Motion for Leave to File a Second Amended Complaint.

## BACKGROUND

The relevant facts in this case occurred on March 11, 2009. (*See* Ex. A ¶¶ 12-32 (incorporated by reference herein, and hereinafter "2d Am. Compl.").) On that day, Mr. Sharif was in his cell at Northampton County Prison. (*Id.* ¶ 13.) During the afternoon or early evening, C.O. Picone was on duty collecting dinner trays in Mr. Sharif's unit. (*Id.* ¶ 14.) C.O. Pinto and C.O. Potance were also on duty at the time. (*Id.*) When C.O. Picone opened Mr. Sharif's cell, C.O. Picone charged Mr. Sharif and began to attack him. (*Id.* ¶ 15.) Seconds later, C.O. Potance and C.O. Pinto entered Mr. Sharif's cell and also began to attack Mr. Sharif. (*Id.* ¶ 16.) During the course of this attack, C.O. Potance put Mr. Sharif in a head lock, rendering Mr. Sharif unconscious. (*Id.* ¶ 18.)

Mr. Sharif awoke to being kicked in his back by John Doe C.O. No. 1. (*Id.* ¶ 19.) When Mr. Sharif awoke his hands were cuffed tightly behind his back. (*Id.*) Lieutenant Kospiah and John Doe C.O.s Nos. 2-10 were outside of Mr. Sharif's cell. (*Id.* ¶ 20.) Lieutenant Kospiah and John Doe C.O.s Nos. 1-10 took Mr. Sharif out of his cell to a suicide cell in another unit. (*Id.* ¶21.) Handcuffs were placed on Mr. Sharif so tightly that it caused pain in his wrists. (*Id.* ¶ 23.) Mr. Sharif immediately complained of the tightness of the handcuffs, but none of the officers present responded. (*Id.* ¶ 24.)

Shortly thereafter, Lieutenant Kospiah and John Doe C.O.s Nos. 1-10 removed Mr. Sharif from the suicide cell and brought him to another cell, where Mr. Sharif was tightly restrained to a restraint chair. (*Id.* ¶ 22.) Lieutenant Kospiah and John Doe C.O.s Nos. 1-10 then attacked Mr. Sharif repeatedly while he remained restrained to the restraint chair. (*Id.* ¶ 25.)

Mr. Sharif was restrained in the restraint chair for two hours. (*Id.* ¶ 26.) While in the restraint chair, Mr. Sharif's hands were cuffed so tightly that he lost feeling in his hand and suffered permanent damage to his wrist. (*Id.*) During these two hours, John Doe C.O. No. 2 removed Mr. Sharif's handcuffs for a short time, but placed them back on thereafter. (*Id.* ¶ 27.) Throughout the restraint process, Mr. Sharif complained of the tightness of the handcuffs. (*Id.* ¶ 29.) None of the officers present responded. (*Id.*) Mr. Sharif submitted several official grievances regarding the attacks. (*Id.* ¶ 30.) Mr. Sharif also wrote the Warden regarding the attacks described above and discussed the attacks described above with Internal Affairs Investigator Christopher Naugle. (*Id.* ¶¶ 31-32.) Defendants' attack and use of restraints caused Mr. Sharif physical and emotional injuries. (*Id.* ¶ 36.)

Mr. Sharif filed his *pro se* Original Complaint on July 10, 2009. An Amend Complaint was filed on December 30, 2009. Mr. Sharif's deposition began on September 12, 2011, but was

not completed at that time. During this first portion of his deposition, Mr. Sharif provided greater detail regarding where he was taken on March 11, 2009 and the use of restraints. After the deposition, Mr. Sharif's counsel contacted Defendants' counsel to request consent to file the Second Amended Complaint. Defendants' counsel refused.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading has been filed in the case, "a party may amend the party's pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendments to the complaint pursuant to Rule 15 are "liberally granted" and "rest within the sound discretion of the trial court." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court should grant Mr. Sharif's Motion for Leave to File a Second Amended Complaint because: (1) Mr. Sharif is simply clarifying the events described in the Original and First Amended Complaints, rather than adding additional parties or causes of action; (2) Mr. Sharif satisfies the "relation back" requirement under Rule 15 for the filing of an amended pleading, because the details asserted in the Second Amended Complaint arise from the same conduct, transaction or occurrence as the claims in the Original and Amended Complaint; (3) Granting this Motion will not prejudice Defendants or delay proceedings, as the Original and Amended Complaints provide a short and plain statement of the events that occurred on March 11, 2009 and the details supplemented in the Second Amended Complaint were disclosed by Mr. Sharif during his deposition. Finally, amendment will permit Mr. Sharif to allege the full extent of his damages, as subsequently elaborated in the deposition taken by Defense counsel, and is therefore in the interest of justice.

Therefore, this Court should grant Mr. Sharif's Motion for Leave to File a Second Amended Complaint.

### I.  Mr. Sharif's Second Amended Complaint does not assert additional causes of action or parties.

The Court should grant Mr. Sharif's Motion for Leave to File a Second Amended Complaint because the amendment merely expounds upon the events described in the Original and First Amended Complaints. The Second Amended Complaint does not name additional parties. Furthermore, it does not aver causes of action, theories of liability, or counts not asserted in the Original or First Amended Complaint. Rather, Mr. Sharif would like to amend his complaint to include additional details about the events that gave rise to this action. Specifically, the Second Amended Complaint provides additional information regarding where Mr. Sharif was taken after he was removed from his cell and about the methods of restraint that were used during and after the cell extraction.

Both the Original and Amended Complaint assert that Mr. Sharif was restrained at times through the attack on March 11, 2009. However, the Second Amended Complaint provides further details regarding when and how the restraints were used. Furthermore, Mr. Sharif also discussed these additional details during his deposition on September 12, 2011. At that time, Defendants' counsel had the opportunity to investigate the supplementary details. Furthermore, Mr. Sharif's deposition is not complete as of the filing of these papers, and Defendants' counsel will have additional opportunities to investigate the facts disclosed in the proposed Second Amended Complaint with the completion of Mr. Sharif's deposition. Therefore, the Court should grant Mr. Sharif's Motion for Leave to Amend, as he is providing a more robust account of the events on March 11, 2009, rather than inject new issues or parties into the litigation.

**II.  The details supplemented in Mr. Sharif's Second Amended Complaint "relate back" to the date of his Original Complaint.**

Although complaints generally must be filed within the statute of limitations period, an amended complaint that "relates back" is treated as though it had been filed at the time of the original complaint for statute of limitations purposes. *See Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001). A claim can be said to have arisen from the same conduct, transaction, or occurrence as that set forth in the initial pleading if it stems from a "common core of operative facts." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004). *See also* Federal Civil Procedure Rule 15(c).

Here, Mr. Sharif fulfills the requirements of Rule 15 because the additional allegations and details included in the Second Amended Complaint arise from the same "common core of operative facts" that formed the basis of his initial claims: the unconstitutional attack and restraint Mr. Sharif endured and the failure of Defendants to intervene to prevent the attack and restraint. Thus, Mr. Sharif has satisfied the requirements of Rule 15(c) and the Second Amended Complaint relates back to Mr. Sharif's Original Complaint.

**III.  Granting Mr. Sharif Motion for Leave to Amend will not prejudice Defendants or delay these proceedings.**

Defendants will not be prejudiced if the Court grants Mr. Sharif's Motion for Leave to Amend, because as discussed above, the Second Amended Complaint does not inject additional parties or theories of liability into this litigation. The Original and Amended Complaints in this case assert the same basic allegations as the Second Amended Complaint. As such, Defendants will not be prejudiced because they already have knowledge of each additional fact Mr. Sharif asserts in the Second Amended Complaint.

Furthermore, the supplementary information included in the Second Amended Complaint was made available during discovery. In addition, Defendants' counsel had the opportunity to

6

question Mr. Sharif regarding the details averred in the Second Amended Complaint.  Mr. MacMain took advantage of that opportunity by rigorously questioning Mr. Sharif, and therefore will not be prejudiced if the facts Mr. Sharif has already testified to are incorporated into the pleading.

Finally, granting Mr. Sharif's Motion for Leave to Amend will not delay discovery or other proceedings in this matter.  Mr. Sharif's counsel contacted Defendants' counsel to request consent to amend the complaint on January 27, 2012.  Defendants' counsel refused.  The discovery period has not yet closed as of the time of this filing, and Defense counsel has had the opportunity to investigate the supplementary details included in the second amendment.  Furthermore, Mr. Sharif's deposition is not complete as of the time of this filing, and Defense counsel will have additional opportunities to investigate the facts disclosed in the proposed Second Amended Complaint at with the completion of Mr. Sharif's deposition.  Therefore, granting Mr. Sharif's Motion for Leave to Amend will not prejudice Defendants or delay proceedings.

## CONCLUSION

In sum, granting Mr. Sharif's Motion for Leave to File a Second Amended Complaint is entirely consistent with Rule 15 and, because it will permit Mr. Sharif to allege the full extent of his damages, is in the interest of justice.  Mr. Sharif therefore respectfully requests that his Motion be granted.

Respectfully submitted,

/s/   Shevon D. Rockett
Donald C. LeGower
Justin C. Danilewitz
Shevon D. Rockett

7

                                        Francis J. Dermody
                                        Dechert LLP
                                        Cira Centre
                                        2929 Arch St.
                                        Philadelphia, PA 19104
                                        (215) 994-4000

Dated: March 15, 2012                    *Attorneys for Plaintiff Iman Sharif*

8