## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                                             |   |               |
|---------------------------------------------|---|---------------|
| IMAN SHARIF,                                | : |               |
|                                             | : |               |
|                     Plaintiff,              | : | CIVIL ACTION  |
|                                             | : |               |
|              v.                             | : |               |
|                                             | : | NO. 09-2501   |
| C.O. NATHAN PICONE,                         | : |               |
| C.O. BRIAN POTANCE,                         | : |               |
| C.O. THOMAS PINTO,                          | : |               |
| LIEUTENANT JOSEPH KOSPIAH, and              | : |               |
| JOHN DOE C.O. Nos. 1-10,                    | : |               |
|                                             | : |               |
|                     Defendants.             | : |               |

### <u>MEMORANDUM</u>

**ROBERT F. KELLY, Sr. J.**                                        **JUNE 14, 2012**

Presently before the Court is Plaintiff, Iman Sharif's ("Sharif"), Motion to Dismiss for

Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) against Defendant,

Correctional Officer ("C.O.") Nathan Picone ("C.O. Picone").  For the reasons stated below, we

will grant the Motion.

## I.      BACKGROUND

On July 10, 2009, Sharif filed a pro se Complaint ("Initial Complaint") pursuant to 42

U.S.C. § 1983 against C.O. Picone, and C.O.s Brian Potance ("C.O. Potance"), Thomas Pinto

("C.O. Pinto"), Lieutenant Joseph Kospiah ("Lt. Kospiah"), and John Doe C.O.s Nos. 1-10

(collectively, "Defendants").  Sharif alleges that on March 11, 2009, he was in his cell at

Northampton County Prison when C.O. Picone was on duty collecting dinner trays.  (Second

Am. Compl. ¶¶ 13-14.)  Sharif asserts that when C.O. Picone opened his cell to collect his tray,

C.O. Picone charged him and began to attack him, and that seconds later, C.O. Potance and C.O. Pinto entered his cell and began to attack him as well.  (Id. ¶¶ 15-16.)  During the course of the attack, C.O. Potance put Sharif in a head lock rendering him unconscious.  (Id. ¶ 18.)  Sharif maintains that he awoke to being kicked in the head by John Doe C.O. No. 1, and his hands cuffed tightly behind his back.  (Id. ¶ 19.)  Lt. Kospiah and John Doe C.O.s Nos. 2-10 took Sharif out of his cell and put him into a suicide cell in another unit for a period of time all the while with his hands cuffed behind his back.  (Id.)  They later removed him from this cell and brought him to another cell where he was tightly restrained to a chair.  (Id. ¶¶ 20-24.)  Lt. Kospiah and John Doe C.O.s Nos. 1-10 then repeatedly attacked Sharif for up to two hours.  (Id. ¶¶ 25-26.)  Sharif claims that the Defendants' attacks and use of restraints caused him physical and emotional injuries.  (Id. ¶ 36.)

Defendants filed an Answer to Sharif's Initial Complaint on October 6, 2009.  On March 23, 2010, we granted Sharif's Petition for Appointment of Counsel and stayed this action until he was assigned counsel or released from incarceration.  (Doc. No. 20).  On October 15, 2010, counsel was appointed to represent Sharif.  An amended Complaint ("First Amended Complaint") was filed on December 30, 2010.  Defendants answered the First Amended Complaint on February 2, 2011.  A second amended Complaint ("Second Amended Complaint") was filed by Sharif on April 9, 2012.  Defendants filed an Answer to this Complaint on April 16, 2012.  In his Answer, C.O. Picone added a state law counterclaim against Sharif for assault and battery.  Sharif filed the instant Motion to Dismiss this counterclaim on May 7, 2012, and C.O. Picone filed a Response on May 22, 2012.

**II.     STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted.  Fed. R. Civ. P. 12(b)(6); see also Lucas v. City of Philadelphia, No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (citing Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)).  In evaluating a motion to dismiss, the court must view any reasonable inferences from the factual allegations in a light most favorable to the plaintiff.  Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly and further defined in Iqbal a two part test to determine whether to grant or deny a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The United States Court of Appeals for the Third Circuit has noted that these cases signify the progression from liberal pleading requirements to more "exacting scrutiny" of the complaint.  Wilson v. City of Philadelphia, 415 Fed. Appx. 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded factual allegations.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Twombly, 550 U.S. at 555.  Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations.  Iqbal, 556 U.S. at 679.  These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8.  See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the

pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.

2008). Where there are well-pleaded facts, courts must assume their truthfulness.  Iqbal, 556 U.S.

at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these

allegations "plausibly" give rise to an entitlement to relief.  Id. at 679.  This is a "context specific

task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

Plausibility compels the pleadings to contain enough factual content to allow a court to make "a

reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing

Twombly, 550 U.S. 544 at 570).  This is not a probability requirement; rather plausibility

necessitates "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556

U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility.'"  Id. (quoting Twombly,

550 U.S. at 557).  In other words, a complaint must not only allege entitlement to relief, but must

demonstrate such entitlement with sufficient facts to nudge the claim "across the line from

conceivable to plausible."  Id. at 683; see also Holmes v. Gates, 403 Fed. Appx. 670, 673 (3d Cir.

2010).

## III.    DISCUSSION

Sharif asserts in his Motion to Dismiss that C.O. Picone's counterclaim for assault and

battery is time-barred under Pennsylvania's statute of limitations.  We first note that there is no

question that the law of Pennsylvania is applicable in this case, and that we have supplemental

jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).[1]  42 Pa. C.S. § 5524(1) states:

> The following actions and proceedings must be commenced within
> two years: (a) An action for assault, battery, false imprisonment,
> false arrest, malicious prosecution, or malicious abuse of process.

42 Pa. C.S. § 5524(1).  Sharif argues that C.O. Picone's counterclaim is based on the same

incident pled in his Second Amended Complaint, which occurred on March 11, 2009, and that

using this date, C.O. Picone's counterclaim expired on March 11, 2011; 13 months before the

counterclaim was pled in the Answer to the Second Amended Complaint.  (Pl.'s Mot. to Dismiss

at 3.)  Sharif further asserts that C.O. Picone filed two answers in this matter before the

expiration of the statute of limitations, and did not raise a counterclaim for assault and battery in

either pleading, and thus, this counterclaim is time-barred and must be dismissed.

C.O. Picone asserts that the counterclaim is compulsory because it arises "out of the same

transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ.

P. 13(a)(1)(A).  C.O. Picone asserts further that the assault and battery counterclaim is "based

upon the very same events giving rise to Plaintiff's first, second and third complaints," and that

because it is compulsory, it is not a new or unrelated claim, and therefore, is not subject to the

two-year statute of limitations.  (Resp. Mot. to Dismiss at 3.)  C.O. Picone also argues that his

---

[1]This section states in relevant part:

> . . . in any civil action of which the district courts have original
> jurisdiction, the district courts shall have supplemental jurisdiction over
> all claims that are so related to claims in the action within such original
> jurisdiction that they form a part of the same case or controversy. . .

28 U.S.C. § 1367(a)

counterclaim is not barred under Federal Rule of Civil Procedure 15(c) because this rule states

that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct,

transaction, or occurrence set forth or attempted to be set forth in the original pleading, the

amendment relates back to the original pleading."  Fed. R. Civ. P. 15(c).

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings by leave

of court, which should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  The

decision to grant leave to amend rests within the discretion of the court, but should only be

denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to

the opposing party; or (4) futility of amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962); see

also Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 425

(3d Cir. 1981); Fort Washington Resources, Inc. v. Tannen, 153 F.R.D. 565, 566 (E.D. Pa.1994);

Perfect Plastics Industries, Inc. v. Cars & Concepts, Inc., 758 F. Supp. 1080 (W.D. Pa. 1991).

When evaluating whether an amendment should be denied for undue delay, the Court

must look to whether the movant had previous opportunities to amend the pleading, to the point

where the delay has placed an "unwarranted burden" on the court.  Cureton v. Nat'l Collegiate

Athletic Ass'n., 252 F.3d 267, 273 (3d Cir. 2001); see also Adams v. Gould, 739 F.2d 858, 868

(3d Cir. 1994).  "The concept of 'undue delay' includes consideration of whether new

information came to light or was available earlier to the moving party."  In re Adams Golf, Inc.

Secs. Litig., 381 F.3d 267, 280 (3d Cir. 2004).  In determining whether there has been undue

delay, the focus should be on the moving party's reasons for not amending the pleading sooner.

USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d Cir. 2004).

Here, we find that there has been "undue delay" on the part of C.O. Picone in raising a

counterclaim for assault and battery.  The allegations in Sharif's initial Complaint and First

Amended Complaint could not be more straight-forward and clear.  Sharif alleges that C.O.

Picone physically attacked him when he opened his cell to collect his dinner tray.  Just as clear

and straight-forward were C.O. Picone's defenses to these allegations in both his Answer to the

Initial Complaint and the First Amended Complaint.  He contended in both that it was Sharif

who physically attacked him when he opened his cell to collect Sharif's dinner tray.  (Defs.'

Answer to Initial Compl. ¶ 1; Defs.' Answer to First Am. Compl. ¶15.)   There is no claim by

C.O. Picone that new information has come to light that wasn't previously available to him.  In

fact, Sharif avers no new facts concerning C.O. Picone in his Second Amended Complaint.  C.O.

Picone clearly could have raised a counterclaim for assault and battery against Sharif in his

Answer to the Initial Complaint on October 6, 2009, and in his Answer to the First Amended

Complaint on February 2, 2011.  Moreover, C.O. Picone offers no explanation why he did not

raise this counterclaim when he had the opportunity to do so in his previous Answers.  While the

passage of time alone is insufficient to justify denying a party's motion for leave to amend its

pleading, a finding of undue delay is a sufficient basis to deny the amendment.  Adams, 739 F.2d

at 868.  We find "undue delay" on the part of C.O. Picone, and we could grant Sharif's Motion to

Dismiss the counterclaim on this basis alone.

However, we also find that allowing C.O. Picone to amend and bring a counterclaim at

this time will cause "undue prejudice" to Sharif.  Undue prejudice is generally found where there

has been unjustified delay such that an unfair burden has been placed on the opposing party.

Adams, 739 F.2d at 868.  Here, a joint proposed scheduling Order was signed by this Court on

February 27, 2012 which states that all fact discovery would be completed no later than March

19, 2012, and all dispositive motions filed by April 13, 2012.  (Doc. No. 34).  As discussed

above, Sharif avers no new allegations against C.O. Picone in the Second Amended Complaint.

Allowing C.O. Picone to bring a counterclaim at this late stage of the litigation could only cause

unnecessary delays which we find would cause undue prejudice to Sharif.  For these reasons, we

grant Sharif's Motion to Dismiss the counterclaim.

     An appropriate Order follows.